LEVERTY & ASSOCIATES LAW CHTD.
Patrick R. Leverty, NV Bar No. 8840
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
E-mail: pat@levertylaw.com

SHUNNARAH INJURY ATTORNEYS, P.C.
Stephanie Balzli, *pro hac vice forthcoming*
Christopher Joseph Balzli, *pro hac vic forthcoming*
2900 1st Avenue South
Birmingham, Alabama 35233
205-983-8545
sbalzli@asilpc.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARIS L. WATSON, an individual, | Case No. 3:20-cv-00298 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BENNETT TRUCK TRANSPORT, a Delaware Corporation; BRIAN STERLING, an individual. | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COMES NOW** the Plaintiff, PARIS L. WATSON, and for his Complaint against the Defendants, BENNETT TRUCK TRANSPORT and BRIAN STERLING, shows unto the Court the following:

## JURISDICTION and PARTIES

1. This is a personal injury action arising out of a February 17, 2020 incident in which the Plaintiff was crushed and seriously injured by Defendant's tractor-trailer backing into him.

2. Plaintiff, Paris L. Watson, is and was an adult resident and citizen of the State of Alabama at all material times referred to herein.

3. Defendant Bennett Truck Transport, LLC is registered with the Federal Motor

1 Carrier Safety Administration under USDOT #600382 and is a Delaware corporation with its principal place of business in McDonough, Georgia and which conducted substantial business in the state of Nevada at all material times referred to herein.

4. Based upon information and belief, Brian Sterling is and was an adult resident and citizen of the State of Texas and transacting substantial business in the state of Nevada at all material times referred to herein.

5. Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 in that complete diversity exists amongst the Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000.00.

6. The events forming the basis of this lawsuit occurred in Washoe County, Nevada, therefore venue is proper pursuant to 28 U.S.C. §1391(2).

**FACTS**

7. On February 17, 2020, Plaintiff Paris L. Watson was working on a job site in Reno, Nevada as part of his employment with BLOX, a non-party in this action.

8. At the same time, Defendant Brian Sterling was operating a tractor-trailer unit on the same job site on behalf of Defendant Bennett Truck Transport.

9. With no warning and without ensuring the area behind the trailer was clear, Defendant Brian Sterling suddenly reversed the tractor-trailer into the area where the Plaintiff was working, crushing him and causing serious injury as described below.

10. As a proximate consequence of the Defendants' negligence and wantonness, Plaintiff Paris Watson was injured, harmed and damaged as follows:

 (a) He suffered bodily injuries, including but not limited to internal organ damage requiring prolonged hospitalization and artificial ventilation, orthopedic injuries requiring surgical fixation, and removal/resection of his intestines with mesh placement;

 (b) He has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

 (c) He was permanently injured, disfigured and damaged;

(d) He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(e) He was caused to incur out-of-pocket medical expenses;

(f) He is reasonably certain to incur personal injury medical expenses in the future;

(g) He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits; and

(h) He suffered aggravations of pre-existing injuries and condition(s).

## FIRST CAUSE OF ACTION

## NEGLIGENCE OF BRIAN STERLING

11. Plaintiff adopts and incorporates paragraphs one (1) through ten (10) as if fully set out herein.

12. The Plaintiff avers that all of his injuries and damages were proximately caused by the negligence, recklessness, and/or wantonness of Defendant Brian Sterling.

13. The negligence, recklessness, and/or wantonness of Defendant Brian Sterling includes, but is not limited to, the following specific acts:

(a) Failing to inspect his surroundings before operating his tractor/trailer;

(b) Failing to understand and/or communicate directives of his job;

(c) Failing to familiarize himself with the practices and procedures of the location of his work;

(d) Failing to provide advanced warning before moving the tractor/trailer;

(e) Failing to properly maintain and service the trailer;

(f) Failing to use the appropriate safety equipment and/or personnel for the task at hand;

(g) Failing to engage the appropriate mechanisms on the tractor or trailer for the task at hand;

(h) Failing to comply with applicable motor carrier safety regulations; and

(i) Defendant was otherwise negligent, reckless, and/or wanton.

- 3 -

14. As a direct and proximate consequence of the conduct of Defendants, Plaintiff Paris L. Watson was severely and permanently injured.

15. As a further direct and proximate result of Defendant's negligence, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professionals, to remedy the damage and injury caused by Defendant's negligence. Plaintiff has been compelled to incur expenses for such treatment, medicines, and other medical supplies and services. Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required by her in the future in an amount to be shown according to proof at trial.

16. As a further direct and proximate result of Defendant's negligence, Plaintiff has sustained, and will continue to sustain, past and future physical and emotional injuries and past and future economic and non-economic damages including but not limited to: (i) past and future physical pain and suffering, (ii) past and future emotional pain, distress, frustration, annoyance, anger, fear, worry, embarrassment, discomfort, and loss of enjoyment of life; (iii) past and future income loss; (iv) past and future medical, therapy and attendant care expenses, and (v) all other past and future economic and non-economic damages allowed by law, all in amounts to be shown according to proof at trial.

## SECOND CAUSE OF ACTION
## RESPONDEAT SUPERIOR

17. The Plaintiff adopts and incorporates paragraphs one (1) through sixteen (16) as if fully set out herein.

18. On February 17, 2020, at the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant Bennett Truck Transport was the principal and/or employer of Defendant Brian Sterling.

19. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Brian Sterling was acting as the agent, servant and/or employee of Defendant Bennett Truck Transport.

20. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Brian Sterling was acting within the line and scope of his employment with Defendant Bennett Truck Transport.

- 4 -

21. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Brian Sterling was operating a tractor-trailer in furtherance of the business purposes of Defendant Bennett Truck Transport.

22. As a result of the foregoing, Defendant, Bennett Truck Transport, is vicariously liable for the negligent or wanton conduct of Brian Sterling that injured the Plaintiff, Paris Watson.

23. As a further direct and proximate result of Defendant's negligence, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professionals, to remedy the damage and injury caused by Defendant's negligence.  Plaintiff has been compelled to incur expenses for such treatment, medicines, and other medical supplies and services.  Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required by her in the future in an amount to be shown according to proof at trial.

24. As a further direct and proximate result of Defendants' negligence, Plaintiff has sustained, and will continue to sustain, past and future physical and emotional injuries and past and future economic and non-economic damages including but not limited to: (i) past and future physical pain and suffering, (ii) past and future emotional pain, distress, frustration, annoyance, anger, fear, worry, embarrassment, discomfort, and loss of enjoyment of life; (iii) past and future income loss; (iv) past and future medical, therapy and attendant care expenses, and (v) all other past and future economic and non-economic damages allowed by law, all in amounts to be shown according to proof at trial.

**THIRD CAUSE OF ACTION**

**NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION VS. BENNETT TRUCK TRANSPORT**

25. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-four (24) as if fully set out herein.

26. The Plaintiff avers that all of his injuries and damages were proximately caused by the negligence, willfulness, recklessness, and/or wantonness of the Defendant, Bennett Truck Transport.

27. The negligence, willfulness, recklessness, and/or wantonness of the Defendant, Bennett Truck Transport, includes, but is not limited to, the following specific acts:

    (a) Failing to train Brian Sterling;

    (b) Failing to supervise Brian Sterling;

    (c) Hiring Brian Sterling;

    (d) Retaining Brian Sterling;

    (e) Failing to maintain the trailer driven by Brian Sterling;

    (f) Failing to provide Brian Sterling with the proper equipment to operate the tractor-trailer unit safely;

    (g) Failing to provide Brian Sterling with the proper personnel to operate the tractor-trailer unit safely;

    (h) Entrusting Brian Sterling with the tractor-trailer unit;

    (i) Failing to comply with applicable motor carrier safety regulations; and

    (j) Defendant Bennett Truck Transport was otherwise negligent and/or wanton.

28. Defendant breached these duties to the general public, including the Plaintiff, through its negligence, carelessness, recklessness and wantonness in its hiring, training, supervising and retaining Sterling who was unqualified, negligent and/or careless in his actions.

29. Defendant's careless and negligent actions were a direct cause of Plaintiff's injuries.

30. As a direct and proximate result of the negligence, carelessness and wantonness of Defendant, Plaintiff sustained, and will continue to sustain, past and future physical and emotional injuries and past and future economic and non-economic damages including but not limited to: (i) past and future physical pain and suffering, (ii) past and future emotional pain, distress, frustration, annoyance, anger, fear, worry, embarrassment, discomfort, and loss of enjoyment of life; (iii) past and future income loss; (iv) past and future medical, therapy and attendant care expenses, and (v) all other past and future economic and non-economic damages allowed by law, all in amounts to be shown according to proof at trial.

31. As a result of the negligence, willfulness, recklessness, and/or wantonness of Defendant Bennett Truck Transport, the Plaintiff Paris L. Watson was severely and permanently injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For past and future general damages according to proof;
2. For past and future special damages according to proof;
3. For punitive damages to punish, deter and prevent other similar wrongful acts by Defendants in an amount to be proven at trial;
4. For prejudgment interest according to law;
5. For costs of suit; and
6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action of all issues so triable.

May 20, 2020.                                    Respectfully submitted,

/s/ *Patrick R. Leverty*
Patrick R. Leverty, NV Bar No. 8840
**LEVERTY & ASSOCIATES LAW CHTD.**
832 Willow Street
Reno, Nevada 89502
(775) 322-6636 phone
(775) 322-3953 fax
pat@levertylaw.com

Stephanie E. Balzli, *pro hac vice forthcoming*
Christopher J. Balzli, *pro hac vice forthcoming*
**SHUNNARAH INJURY ATTORNEYS, PC**
2900 1st Avenue South
Birmingham, AL 35233

*Attorneys for Plaintiff*